UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACY SMITH,

        Plaintiff,                              Hon. Janet T. Neff

v.                                            Case No. 1:21-cv-78

BRIDGET MCCORMACK,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action seeking mandamus relief and monetary damages. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 3), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

1

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

While Plaintiff's complaint is largely unintelligible, a reference therein to a previous matter initiated by Plaintiff provides a clue as to the nature of the present action. In *Smith v. Buth*, 1:16-cv-1381 (W.D. Mich.), Plaintiff alleged judicial misconduct against a state court judge following his decision to plead guilty to fourth degree criminal sexual conduct. *Id.* at ECF No. 1, 26. This prior matter was dismissed for failure to state a claim. *Id.* at ECF No. 19.

Plaintiff now returns seeking relief from three state court judges, the prosecuting attorney, and his defense attorney. Specifically, Plaintiff seeks mandamus relief as well as $419,876.60 in damages. In support of his request for mandamus relief, Plaintiff cites to the All Writs Act. This authority, however, only authorizes federal courts to compel action by agents of the United States. 28 U.S.C. § 1361. As Plaintiff is not seeking relief against any federal official or agency, the All Writs Act affords Plaintiff no relief in this matter. *Se, e.g., Wallace v. Hayse*, 1994 WL 194244 at *1 (6th Cir., May 16, 1994). Plaintiff's breach of contract claim

fares no better as Plaintiff has alleged no facts demonstrating that his plea bargain agreement was breached.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed be dismissed for failure to state a claim on which relief may be granted.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: February 11, 2021                    /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge